**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| ALBERTO ROMERO QUISPE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civ. No.: MJM-26-817 |
| v. | * | |
| | * | |
| TODD BLANCHE, *et al.*, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**\*   \*   \*   \*   \*   \*   \*   \*   \*   \***

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Alberto Romero Quispe's ("Plaintiff")

motion for summary judgment. ECF No. 13. Defendants[1] filed a response in opposition to the

motion requesting dismissal of this case, ECF No. 14, and Plaintiff filed a reply in support of

his motion, ECF No. 17. The Court heard oral argument on July 28, 2026. For the reasons

stated herein, Plaintiff's motion is denied, and his Complaint is dismissed without prejudice.

## I.    BACKGROUND

Plaintiff is a citizen and national of Peru and not a citizen of the United States. He

entered the United States in or around 2010 and, more recently, has resided in Maryland. On

March 14, 2023, an Immigration Judge ("IJ") ordered Plaintiff's removal from the United

States *in absentia*. *See* ECF No. 2-3. On January 11, 2026, immigration officials arrested

Plaintiff based on the removal order. On January 15, through counsel, Plaintiff filed a motion

---

[1] The named defendants include the United States Attorney General, the Director of the Executive Office for Immigration Review ("EOIR"), EOIR itself, and the Secretary of the U.S. Department of Homeland Security ("DHS"). See ECF No. 1, ¶¶ 11–14.

to reopen his removal proceedings in Immigration Court, and that motion was granted on January 27, vacating the removal order. *See id.*

On February 5, 2026, Plaintiff filed a petition for a writ of habeas corpus in the U.S. District Court for the Western District of Louisiana, where he remained in DHS custody. *See Romero Quispe v. Warden Richwood Correctional Center*, No. 3:26-cv-346, ECF No. 1 (W.D. La. Feb. 5, 2026).

Plaintiff also requested a custody redetermination with the Immigration Court, and a hearing was conducted on the matter. *See* ECF No. 2. On February 20, the presiding IJ denied Plaintiff's request for a change in custody status based on his determination that Plaintiff was "subject to mandatory detention[,]" citing the decision of the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.* However, the IJ made alternative findings "in the event it is found that [Plaintiff] is not subject to mandatory detention:" (1) that Plaintiff "is not a danger to the community[,]" and (2) "[t]he risk of flight is of a degree that can be satisfied" with a $10,000 bond. *Id.*

On February 26, while his habeas petition was pending, Plaintiff filed the instant civil action in this District. *See* ECF No. 1. Plaintiff's Complaint in the instant case alleges that his detention by DHS is unlawful and challenges his detention under the Administrative Procedure Act ("APA"), the *Accardi* doctrine, and the Due Process Clause of the Fifth Amendment. *See generally id.*

On February 27, Plaintiff filed a motion in Immigration Court for reconsideration of that court's February 20 bond denial. *See* ECF No. 10-1. The IJ denied that motion because he found that, at the time he denied Plaintiff's motion for bond, precedent that was binding on the Immigration Court required a finding that Plaintiff's detention was mandatory. *See id.* On March 18, Plaintiff appeared before the Immigration Court and accepted voluntary departure

2

from the United States in lieu of removal. See ECF No. 14-1. Plaintiff subsequently departed from the United States.

On May 19 and May 21—about two months after the hearing in Immigration Court— the parties to the instant action notified the Court that Plaintiff had accepted voluntary departure from the United States. *See* ECF Nos. 10 & 11. In a joint notice, the parties described their ongoing dispute as to whether Plaintiff was subject to mandatory detention under 8 U.S.C. § 1225 or discretionary detention under § 1226, and their dispute as to the appropriate injunctive relief. *See* ECF No. 11. Plaintiff contends that he accepted voluntary departure "under duress," based on his unlawful detention and bond denial. *Id.* ¶ 12. Plaintiff seeks parole back into the United States and transportation to Maryland "so that he may continue to litigate his immigration removal proceedings" in Maryland, and he seeks release from DHS custody upon posting the $10,000 bond reflected in the IJ's alternative findings. *Id.* ¶¶ 13–14. Defendants contend that injunctive relief should not be granted because this Court lacks jurisdiction to grant it. *Id.* ¶ 16.

On May 27, the Court conducted a telephone conference with counsel for the parties and set a deadline for Plaintiff to file a summary judgment motion and briefing schedule. ECF No. 12. Plaintiff's summary judgment motion is fully briefed. On July 28, the Court heard oral argument on the motion and took the matter under advisement. For reasons stated below, the motion is denied, and the Complaint is dismissed.[2]

---

[2] During the hearing on July 28, 2026, the Court raised the question of whether it should allow Plaintiff an opportunity to supplement the record with additional evidence in support of his motion, but the Court ultimately decided to take the parties' arguments under further consideration before deciding whether to permit supplementation. As explained herein, the Court finds that Plaintiff's motion lacks merit and must be denied, and that the Complaint must be dismissed as moot. In declining to authorize supplementation of the evidentiary record, the Court finds that this option is not supported by good cause. The briefing schedule ordered by the Court gave Plaintiff a full opportunity to present evidence on all points asserted in support of his motion, including his contention that his choice of voluntary departure was made under duress.

## II.   STANDARD OF REVIEW

A court may grant a party's summary judgment motion under Federal Rule of Civil Procedure 56 if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Cybernet, LLC v. David*, 954 F.3d 162, 168 (4th Cir. 2020). A fact is "material" if it "might affect the outcome of the suit under the governing law[,]" and a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986) (emphasis omitted); *see also Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016). A party can establish the absence or presence of a genuinely disputed fact through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The court must view all the facts, including reasonable inferences to be drawn from them, in the light most favorable to the nonmovant, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the court is not permitted to weigh the evidence, make credibility determinations, or decide the truth of disputed facts. *Anderson*, 477 U.S. at 249.

## III.   ANALYSIS

In his Complaint, Plaintiff challenges his detention by DHS, asserting that his detention was arbitrary and capricious, and therefore, unlawful and subject to vacatur under the APA and the Due Process Clause. ECF No. 1, ¶¶ 51–55, 61–66. He also challenges the application of the mandatory detention provision of 8 U.S.C. § 1225(b)(2) instead of discretionary detention § 1226(a) as "run[ning] afoul" of agency regulations and therefore subject to vacatur under the

*Accardi* doctrine.[3] *Id.* ¶¶ 56–60. The agency action Plaintiff challenges under the APA is the decision by the Immigration Judge to deny Plaintiff's bond based on the IJ's conclusion that Plaintiff was subject to mandatory detention pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216. *Id.* ¶¶ 51–55. In his summary judgment motion, Plaintiff argues that the IJ's decision was "not in accordance with the law[,]" under the APA, ECF No. 13-1 at 4, and, therefore, he is entitled to be "restore[d] . . . to the position he would have been in had the agency not acted in violation of the [APA,]" *id.* at 8. Specifically, Plaintiff requests an injunction directing "Defendants to facilitate Plaintiff's return to the United States[.]" *Id.* at 12.

Plaintiff's claims fail as a matter of law, for several reasons. First, Plaintiff's challenge to his detention is moot. "Article III of the Constitution limits the judicial power to 'actual, ongoing cases or controversies.'" *Pacheco Santos v. Bounds*, Civ. No. PWG-17-2895, 2018 WL 1789552, at *2 (D. Md. Apr. 12, 2018) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). "When a case or controversy ceases to exist—either due to a change in the facts or the law—'the litigation is moot, and the court's subject matter jurisdiction ceases to exist also.'" *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (citation omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Here, the only relief sought in Plaintiff's Complaint is declaratory and injunctive relief against detention, whether in the form of "immediate release" or "another bond hearing" coupled with a declaration Plaintiff is bond eligible. ECF No. 2 at 20. But Plaintiff has now voluntarily departed from the United States in lieu of removal and is no longer detained. Now that Plaintiff has been released from Defendants' custody, the Complaint fails to present any

---

[3] Under the *Accardi* doctrine, "an agency's failure to afford an individual procedural safeguards required under its own regulations may result in the invalidation of the ultimate administrative determination" where a petitioner demonstrates "prejudice resulting from the violation." *United States v. Morgan*, 193 F.3d 252, 266–67 (4th Cir. 1999).

"live" issue, and the parties no longer have any interest in any injunction or declaration calling for Plaintiff's release. Granting Plaintiff the relief sought in his Complaint at this stage would have no effect because Plaintiff is no longer in Defendants' custody. Furthermore, Plaintiff fails to identify any collateral consequence of his prior detention by Defendants that may be redressed by the injunctive or declaratory relief sought in the Complaint. Thus, it is clear that the Complaint is moot. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Franco-Melgar v. Mullin*, Civ. No. GLR-26-2059, 2026 WL 1784831, at *2–3 (D. Md. June 22, 2026); *Pacheco Santos*, 2018 WL 1789552, at *2; *Atem v. Ashcroft*, 312 F. Supp. 2d 792, 796 (E.D. Va. 2004); *Watson v. I.N.S.*, 271 F. Supp. 2d 838, 839–40 (E.D. Va. 2003). Without an Article III case or controversy, the Court lacks subject-matter jurisdiction over the Complaint, and the Complaint must be dismissed.

Second, the APA is not a proper vehicle for the relief Plaintiff seeks in his Complaint. Under the APA, a court may "hold unlawful and set aside agency action, findings, and conclusions found to be" (1) "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;" (2) "contrary to constitutional right, power, privilege or immunity;" (3) "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;" and (4) "without observance of procedure required by law[.]" 5 U.S.C. § 706(2)(A)–(D). But the APA only authorizes judicial review of "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court . . . .*" *Id.* § 704 (emphasis added).

Here, Plaintiff had an adequate judicial remedy against his detention that was available to him and that, in fact, he sought in another federal court: a writ of habeas corpus under 28 U.S.C. § 2241. This statute authorizes habeas relief for prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Indeed, the U.S. Supreme Court has recognized that "release from custody" is "within the historic core of habeas[.]" *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 123 (2020).

Given the availability of an "adequate remedy" under 28 U.S.C. § 2241, other district courts have held that an individual in immigration detention seeking to challenge the legality of his or her detention may not obtain relief under the APA. *See Bernal v. Frink*, No. 4:26-CV-2239, 2026 WL 1804234, at *6 (S.D. Tex. June 23, 2026); *Bailey v. Marich*, No. 26-CV-250-RCW, 2026 WL 1703737, at *3 n.2 (W.D.N.Y. June 12, 2026). I agree. Plaintiff, in fact, filed a habeas petition in the district of his confinement, seeking the same relief requested in the instant Complaint, *see* No. 3:26-cv-346 (W.D. La.), which confirms that he had an "adequate remedy" that was available to him when he had a live claim. Plaintiff's challenge to his detention is now moot.

Notably, after Plaintiff elected voluntary departure and was released from Defendants' custody, he did not move to amend his Complaint to assert claims for any relief other than release from custody. Notwithstanding his failure to plead new claims based on the change in circumstances, Plaintiff filed a motion for summary judgment on his original Complaint while requesting an injunction requiring the federal government to facilitate his return from the country to which he voluntarily departed, back to the United States. Plaintiff seeks to tie this new form of relief to his original Complaint based on the proposition that returning Plaintiff to the United States would constitute "restor[ing] Plaintiff to the position he would have been in had the law been followed." ECF No. 17 at 3. But Plaintiff proffers no facts and presents no evidence to support this proposition. This Court has been shown no reason to believe that Plaintiff would not have elected voluntary departure in lieu of removal had the IJ found his detention to be discretionary and granted him bond on February 20, 2026.

Plaintiff argues that his voluntary departure was in fact non-voluntary and therefore invalid. *See* ECF No. 13-1 at 3, 7–9. He argues that he was coerced by the binary choice between voluntary departure and removal because a removal order might have adversely affected his pending visa application. ECF No. 13-1 at 7–12. Plaintiff presents no evidence to

7

support the bare assertion that he was coerced. The fact that he had certain incentives to choose voluntary departure over a removal order did not, without more, force his hand or otherwise undermine his volition. *See United States v. Rivera Lopez*, 355 F. Supp. 3d 428, 440–41 (E.D. Va. 2018), *aff'd*, 800 F. App'x 187 (4th Cir. 2020).

Plaintiff's reliance upon *Martinez-Andino v. U.S. Dep't of Homeland Sec.*, Civ. No. 26-1208 (BAH), 2026 WL 1801137 (D.D.C. June 23, 2026), is misplaced. In *Martinez-Andino*, the plaintiff provided an affidavit to establish that his acceptance of voluntary departure was not voluntary. 2026 WL 1801137, at *17. Specifically, Martinez-Andino stated in his affidavit that the paperwork he signed was not explained to him and that he was told that signing the paperwork was his only option. *Id.* at *4. After signing the paperwork, Martinez-Andino made requests to rescind the paperwork he signed, requests to speak with his attorneys, and requests for an interview to express his fear of returning to Honduras, but the immigration officials ignored and denied these requests. *Id.* at *4, *17.

Here, in contrast, Plaintiff fails to demonstrate with any competent evidence that his voluntary departure was anything but knowing and voluntary or that the proceedings in Immigration Court leading up to his voluntary departure had any constitutional defect. He does not contend that he lacked notice of the hearing, *see* ECF No. 14-2, or that he lacked the opportunity to retain counsel to represent him at the hearing or the opportunity to be heard at the hearing. Plaintiff complains that the IJ denied his request for continuance, *see* ECF No. 17 at 6, but he cites no authority for the proposition that due process required a continuance upon his request.

Plaintiff cites several cases filed in this District in which the Court ordered a removed plaintiff's return to the United States. *See* ECF No. 13-1 at 10–11. But, unlike the instant case, each of these cases involved a legal challenge to the plaintiff's *removal* and a finding that the removal was either actually unlawful or likely unlawful. *See J.O.P. v. U.S. Dep't of Homeland*

*Sec.*, 779 F. Supp. 3d 570, 575, 584 (D. Md. 2025) (class member's removal violated settlement agreement); *Abrego Garcia v. Noem*, No. 8:25-CV-00951-PX, 2025 WL 1024654, at *1 (D. Md. Apr. 4, 2025), *amended*, No. 8:25-CV-00951-PX, 2025 WL 1085601 (D. Md. Apr. 10, 2025) (plaintiff likely to succeed on the merits of his claim that his removal violated the Immigration and Nationality Act); *Quintanilla v. Mullin*, No. 1:25-CV-02513-LKG, 2026 WL 1481116, at *9 (D. Md. May 27, 2026) (plaintiff likely to succeed on the merits of his claim that his removal violated regulations requiring a reasonable fear interview before removal). Here, in contrast, Plaintiff has made no showing of any unlawful removal—or any removal at all. He only challenges the lawfulness of his detention prior to his voluntary departure, and, as explained *supra*, that claim is moot.

In sum, Plaintiff fails to show that he is entitled to relief as a matter of law. Having failed to show that his voluntary departure was not valid or that any Defendant effected his departure or removal without due process, Plaintiff fails to demonstrate his entitlement to an injunction directing his parole back into the United States. Therefore, his motion for summary judgment must be denied. Additionally, the claims asserted in the Complaint are moot and must be dismissed for lack of subject-matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED, and the Complaint is DISMISSED without prejudice. The Clerk SHALL CLOSE this case and SHALL SEND a copy of this Memorandum and Order to counsel for the parties.

It is so ORDERED this 5th day of August, 2026.

_____/S/_____

Matthew J. Maddox
United States District Judge

9